1  Marjorie Guymon (NV Bar #04983)
   Goldsmith & Guymon, P.C.
2  2055 Village Center Circle
   Las Vegas, NV  89134
3  702-873-9500
4  mguymon@goldguylaw.com
           -and-
5  James A. Ryan, Esq. (AZ Bar #009253)
   Brian Sirower, Esq. (AZ Bar #012354)
6  Edward A. Salanga, Esq. (AZ Bar #20654)
   Catherine M. Guastello (AZ Bar No. #024697)
7  QUARLES & BRADY LLP
8  2 North Central Avenue
   Phoenix, AZ 85004-2391
9  602-229-5200
   james.ryan@quarles.com
10 brian.sirower@quarles.com
   edward.salanga@quarles.com
11 catherine.guastello@quarles.com

12 Proposed Attorneys for Hotels Nevada, LLC and
13 Inns Nevada, LLC

14          **IN THE UNITED STATES BANKRUPTCY COURT**

15            **FOR THE DISTRICT OF NEVADA**

16

17 HOTELS NEVADA, LLC, a Nevada Limited          In Proceedings Under Chapter 11
   Liability Company, INNS NEVADA, LLC, a
18 Nevada Limited Liability Company; and          Case No. 2:09-bk-31131-bam
   SILVERLEAF DEVELOPMENT, LLC, a                 Case No. 2:09-bk-31132-bam
19 California corporation,
                                                  (Jointly Administered Under
20          Plaintiffs,                           Case No. 2:09-bk-31131-bam)

21 vs.                                            Adversary No: _____

22 L.A. PACIFIC CENTER, INC., a California        (formerly Case No. 06-A-515417-
   corporation; RICHARD ALTER, a California       C in the District Court, Clark
23 resident, and DOES 1 through 100, inclusive,   County Nevada, Dept. 16)

24          Defendants.
                                                  **NOTICE OF REMOVAL**
25

26

27

28

QB\137325.00002\9243251.2

1              Plaintiffs, HOTELS NEVADA, LLC and INNS NEVADA, LLC, hereby give

2   notice of removal of the entire civil action captioned <u>Hotels Nevada, LLC, Inns Nevada, LLC,</u>

3   <u>and Silverleaf Development, Inc. v. L.A. Pacific Center, Inc., Richard Alter, and Does 1 through</u>

4   <u>10</u>, Case No. 06-A-515417-C (the "Nevada Action"), from the District Court, Clark County,

5   Nevada (the "Nevada Court") to the United States Bankruptcy Court for the District of Nevada.[1]

6   Plaintiffs file this notice pursuant to 28 U.S.C. § 1452(a) and Fed. R. Bankr. P. 9027. A copy of

7   the Docket Report in the Nevada Action is attached hereto as "**Exhibit A**".[2]

8              As grounds for removal of the Nevada Action, Plaintiffs state as follows:

9            1.     Plaintiffs and Defendant, L.A. Pacific Center, Inc., are parties to the

10  Nevada Action.

11           2.     The Nevada Action is essentially an action for claims and counter-claims

12  related to an alleged agreement to sell/purchase Nevada real property.

13           3.     Plaintiffs and Defendant were parties to the civil action captioned <u>Hotels</u>

14  <u>Nevada, LLC and Inns Nevada, LLC v. L.A. Pacific Center, Inc.</u>, BC332914 (the "California

15  Action"), in the Superior Court, Los Angeles County, California (the "California Court"), that

16  involves substantially similar claims and facts as the Nevada Action.[3]

17           4.     The Nevada Supreme Court stayed the Nevada Action, pending resolution

18  of the California Action.

19

20    [1]    Although the express language of 28 U.S.C. § 1452(a) refers to removal to the district court, removal directly to the bankruptcy court is proper because (i) the bankruptcy court is a unit of the district court; (ii) the district

21  automatically refers bankruptcy jurisdiction to the bankruptcy court; and (iii) the definition in FED. R. BANKR. P. 9001(3) of "clerk" means the bankruptcy clerk, if one has been appointed. <u>See</u> In re Princess Louise Corp., 77 B.R.

22  766, 768 (Bankr. C.D. Cal. 1987) ("All of the judicial districts in the United States . . . have adopted general orders referring to the bankruptcy courts all matters within the scope of section 157(a). Where such an order is in effect, removal is made directly to the bankruptcy court."); In re Aztec Industries, Inc., 84 B.R. 464, 668 (N. D. Ohio 1987)

23  (citing cases); 10 COLLIER ON BANKRUPTCY § 9027.03 (citing cases and stating: "Since Rule 9001(3) defines clerk as the bankruptcy clerk, and the bankruptcy court is a unit of the district court, [] the notice of removal is filed with the

24  bankruptcy clerk rather than the district court clerk. The removed matter is opened by the clerk as a separate adversary proceeding and the rules of Part VII of the Federal Rules of Bankruptcy Procedure apply.").

25    [2]    The complete record of pleadings and documents filed in the Nevada Action are voluminous and the Plaintiffs are in the process of compiling them. The Plaintiffs will file the complete record of the Nevada Action

26  pleadings with this Court within thirty (30) days from the date of this filing, unless otherwise ordered by this Court.

    [3]    The California Action is in the process of being removed from the California Court to the United States

27  Bankruptcy Court for the Central District of California (the "California Bankruptcy Court"). Plaintiffs intend to immediately move the California Bankruptcy Court to transfer venue of the California Action to this Court. Plaintiffs

28  reserve the right to seek consolidation of the California Action with the Nevada Action in this Court.

1    5.    The California Court ordered arbitration of the California Action, and the

2    aribtral panel subsequently entered an award against Plaintiffs in the amount of $140,371,269.

3    6.    On November 5, 2009 (the "Petition Date"), Plaintiffs filed petitions under

4    Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of

5    Nevada, Case No. 2:09-bk-31131-bam (Hotels) and Case No. 2:09-bk-31132-bam (Inns), which

6    are jointly administered under Case No. 2:09-bk-31131-bam.

7    7.    On November 6, 2009, one day after the Petition Date, Defendant filed its

8    "Verified Petition (1) to Confirm Arbitration Awards, and (2) for Entry of Judgment Thereon"

9    (the "Verified Petition") in the California Court.

10    8.    Plaintiffs intend to move to vacate the arbitration award and to object to the

11    Verified Petition.[4]

12    9.    Removal of the Nevada Action is proper because the Nevada Action arises

13    in and relates to "core proceedings" over which this Court has jurisdiction under 28 U.S.C.

14    §§ 1334(b) and 157(b)(2)(A), (B), (C), (E), (G), (M), and (O).

15    10.    The Nevada Action was commenced prior to the Petition Date, and this

16    Notice has been filed within 90 days after entry of the order for relief.

17    11.    This Notice has been served on all parties to the Nevada Action through

18    their counsel of record.

19

20

21

22

23

24

25    [4]    On November 13, 2009, Plaintiffs filed the "Debtors' Emergency Motion For Order Regarding Application
Of The Automatic Stay" (the "Determination Motion") in this Court, whereby Plaintiffs seek a judicial determination
26    (i) that the filing of the Verified Petition violated the automatic stay of 11 U.S.C. §362(a), and (ii) that the Verified
Petition, together with all deadlines, schedules, process and orders relating to the Verified Petition in the California
27    Court, are void as a matter of law. This Court has set a hearing on the Determination Motion for December 8, 2009.
Plaintiffs reserve all their rights with respect to the arbitration award, the Verified Petition, and the Determination
28    Motion, and nothing in this Notice may be construed as a waiver of those rights.

1            12.    A copy of this Notice has been filed with the Clerk of the District Court,

2    Clark County, Nevada.

3           RESPECTFULLY SUBMITTED this 23rd day of November, 2009.

4           James A. Ryan
       Brian Sirower
5           Edward A. Salanga
       Catherine M. Guastello
6           QUARLES & BRADY LLP
       Renaissance One
7           Two North Central Avenue
       Phoenix, AZ  85004-2391
8

9           -and-

10          GOLDSMITH & GUYMON, P.C.
       2055 Village Center Circle
11          Las Vegas, NV  89134

12

13          By  /s/ Marjorie Guymon
           Marjorie Guymon

14

15          Proposed Attorneys for Hotels Nevada, LLC and
       Inns Nevada, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

QB\137325.00002\9243251.2               -4-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 23, 2009, I served a true and correct copy of the

"<u>Notice Of Removal</u>" by mailing a copy of same via e-mail and United States first-class mail,

postage prepaid, to the following:

Brett A. Axelrod, Esq.
Greenberg Traurig, LLP
3773 Howard Hughes Parkway
Suite 400
North Las Vegas, NV 89169
Email:  axelrodb@gtlaw.com
Attorneys for L.A. Pacific Center, Inc.

Terry Coffing Esq.
Marquis & Aurbach
10001 Park Run Drive
Las Vegas, NV  89145
E-mail: tcoffing@marquisaurbach.com
Attorneys for Richard Alter

/s/ Jason Antonino
An employee of QUARLES & BRADY LLP